UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-62196-ALTONAGA/Strauss

KEVIN and CHASTITY CARMICHAEL,

    Plaintiffs,
v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Lexington Insurance Company's Motion to Dismiss Plaintiffs' Complaint for Failing to Comply with Statutory Pre-Suit Notice Requirements [ECF No. 5], filed on November 29, 2022. Plaintiffs, Kevin and Chastity Carmichael, filed a Response [ECF No. 12]; to which Defendant filed a Reply [ECF No. 14]. The Court has carefully considered the Complaint [ECF No. 1-1], the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

Plaintiffs filed their Complaint on October 17, 2022, stating a claim of breach of an insurance contract against Defendant. (*See id.* ¶¶ 19–24). Plaintiffs allege Defendant "improperly denied [their] claim" after they "sustained a covered loss as the result of [wind damage from] Tropical Storm ETA" on November 9, 2020. (*Id.* ¶¶ 9, 12 (alterations added)). On November 22, 2022, Defendant removed the Complaint on diversity grounds. (*See* Notice of Removal [ECF No. 1]).

Defendant now moves to dismiss the Complaint with prejudice, arguing that Plaintiffs failed to comply with the pre-suit notice requirement of section 627.70152(3), Florida Statutes.

(*See generally* Mot.).  Section 627.70152(3) requires insurance claimants to "provide the [Florida Department of Financial Services] with written notice of intent to initiate litigation . . . . at least 10 business days before filing suit under the policy[.]"  Fla. Stat. § 627.70152(3) (alterations added).  According to Defendant, Plaintiffs violated this requirement because the Notice of Intent to Initiate Litigation [ECF No. 5-3] "was filed *solely* by Kevin Carmichael and did not include [the other Plaintiff] Chastity Carmichael."  (Mot. ¶ 3 (alteration added; citation omitted; emphasis in original)).  In other words, Defendant asserts section 627.70152(3) required Plaintiffs to file a notice of intent on behalf of *both* claimants, and their failure to include Chastity Carmichael warrants dismissal.  (*See id.* ¶¶ 3–4 (citing Fla. Stat. § 627.70152(5))).  Defendant insists the statute applies retroactively because section 627.70152(3) is "procedural in nature[.]"  (Reply 2 (alteration added)).

Section 627.70152(3) went into effect on July 1, 2021 (*see* Resp. ¶ 1 (citation omitted)); Plaintiffs' insurance policy was effective on November 2, 2020 (*see id.* ¶ 6); and the loss occurred on November 9, 2020 (*see id.* ¶ 7).  Plaintiffs argue the Court should not dismiss the case because section 627.70152(3) "was not in effect at the time the instant policy of insurance was bound and does not apply retroactively[.]"  (*Id.* ¶ 2 (alteration added; citation omitted)).  Plaintiffs also urge the Court to deny the Motion because they disagree that the Notice of Intent was deficient, and Defendant's argument would "require[] the Court to look beyond the four corners of the Complaint and determine an external factual dispute regarding the Plaintiffs' compliance with statutory pre-suit notice requirements."  (*Id.* ¶ 5 (alteration added; citation omitted)).

The Court agrees with Plaintiffs that it may not dismiss the Complaint for failure to comply with the statutory pre-suit notice requirement because doing so would require an impermissible retroactive application of section 627.70152(3).  And even if the Court were to find the Notice of

Intent deficient, the Court cannot dismiss the Complaint on that basis because Court would necessarily be looking beyond the four corners of the Complaint to resolve a factual dispute.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (alterations added). A complaint need not contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that offers "labels and conclusions," "naked assertion[s]," or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See id.* (alteration in original; quoting *Twombly*, 550 U.S. at 555, 557).

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6), a court must "view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1295–96 (11th Cir. 2021) (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)). Additionally, if a court can draw any reasonable inferences from the allegations of the complaint, the court must draw those inferences in favor of the plaintiff. *See Keating v. City of Mia.*, 598 F.3d 753, 762 (11th Cir. 2010). At bottom, a complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189

(11th Cir. 1997) (quoting *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992)).

### III.  DISCUSSION

**A. Florida law does not permit retroactive application of section 627.70152(3).**

Section 627.70152(3) precludes certain plaintiffs from filing lawsuits without first filing notices of intent to initiate litigation.  *See* Fla. Stat. § 627.70152(3).  Defendant argues Plaintiffs' failure to comply with the statute's pre-suit notice requirement bars this lawsuit.  (*See* Mot. ¶ 5). This argument fails to persuade because it would require the Court to apply the provision retroactively in violation of Florida and U.S. Constitutional due process.

Before analyzing whether retroactive application of section 627.70152 is constitutionally permissible, the Court first addresses whether application of the provision here would be retroactive.  Section 627.70152 came into effect on July 1, 2021 (*see* Resp. ¶ 1 (citation omitted)) ― after Plaintiffs' insurance policy came into effect (*see id.* ¶ 6) but before Plaintiffs filed the lawsuit (*see* Compl. 4).  Defendant argues section 627.70152 applies to all lawsuits initiated after the section's formal date of enactment.  (*See* Reply 3 (asserting Plaintiffs' argument against retroactive application of the statute is "rebutted by clear legislative intent to apply the statute . . . to all suits filed after the statute's effective date." (alteration added)).  But Florida law provides that the issuance date of the *policy* is the relevant date regarding substantive issues arising in connection with the contract.  *See Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010) (citing *Hassen v. State Farm Mut. Auto. Ins. Co*., 674 So. 2d 106, 108 (Fla. 1996); *Lumbermens Mut. Cas. Co. v. Ceballos*, 440 So. 2d 612, 613 (Fla. 3d DCA 1983); *Hausler v. State Farm Mut. Auto. Ins. Co.*, 374 So. 2d 1037, 1038 (Fla. 2d DCA 1979)).  Section 627.70152 was

enacted after issuance of Plaintiffs' insurance policy. Consequently, the Court considers whether retroactive application of the section is permitted. *See Menendez*, 35 So. 3d at 877.

Florida courts apply a two-pronged test to determine whether a statute should apply retroactively: "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id.* (citing *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

Plaintiffs cite *Menendez* for the proposition that the two-pronged test militates against retroactive application of section 627.70152. (*See* Resp. 4–7 (citing *Menendez*, 35 So. 3d at 875–79)). The Court agrees. In *Menendez*, the Florida Supreme Court determined that Florida Statute section 627.736, a pre-suit notice requirement in Florida's Motor Vehicle No-Fault Law that is nearly identical to the one in section 627.70152, did not preclude the plaintiff from filing a breach-of-contract claim under his insurance policy. *See* 35 So. 3d at 876–80. On the first prong, the court acknowledged the Legislature intended to apply the pre-suit notice requirement retroactively. *See id.* at 877. On the second, it declined to apply the requirement retroactively because the new law marked a substantive, not procedural change, to the duties and rights of the parties. *See id.* at 878–80.

The undersigned, like the *Menendez* court, assumes without deciding that the Legislature intended section 627.70152 to apply retroactively and focuses on whether retroactive application of that section would violate the Florida and U.S. Constitutions. *See id.* at 878. In line with the growing consensus among lower courts, the Court holds retroactive application of the pre-suit notice requirement of section 627.70152(3) is constitutionally impermissible because the section imposes new duties, obligations, and penalties on parties to insurance contracts. *See Dozois v.*

*Hartford Ins. Co. of the Midwest*, 595 F. Supp. 3d 1204, 1207 (M.D. Fla. 2022) (holding it is impermissible for courts to retroactively apply section 627.70152(3) because it substantively changed the law); *Rosario v. Scottsdale Ins. Co.*, No. 21-Civ-24005-Civ, 2022 WL 196528, at *1–3 (S.D. Fla. Jan. 21, 2022) (same); *Broward Design Ctr., Inc. v. Scottsdale Ins. Co.*, No. 22-cv-60613, 2022 WL 1125787, at *1 (S.D. Fla. Apr. 15, 2022) (same); *Villar v. Scottsdale Ins. Co.*, No. 22-cv-21362, 2022 WL 3098912, at *11 (S.D. Fla. Aug. 3, 2022) (same); *Bharratsingh v. Lexington Ins. Co.*, No. 22-cv-60037, 2022 WL 3279537, at *1 (S.D. Fla. Aug. 10, 2022) (same); *O'Kelley v. Lexington Ins. Co.*, No. 22-cv-21218, 2022 WL 17583683, at *4–5 & n.1 (S.D. Fla. Sept. 16, 2022) (same); *Williams v. Foremost Prop. & Cas. Ins. Co.*, No. 21-cv-926, 2022 WL 3139374, at *4 (M.D. Fla. Aug. 5, 2022) (same).

"Generally, due process considerations prevent the State from retroactively abolishing vested rights." *Metro. Dade Cnty.*, 737 So. 2d at 503 (citation omitted). Under Florida law, courts cannot apply a change to the law retroactively if it is "substantive." *Id.* A change in law is "substantive" if it alters "duties and rights" rather than the procedural "means and methods to enforce those duties." *Weingrad v. Miles*, 29 So. 3d 406, 409 (Fla. 3d DCA 2010), *rev'd on other grounds* 164 So. 3d 1208, 1212 (Fla. 2015). Florida courts "will reject [retroactive] application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So. 3d at 877 (alteration added; citations omitted).

Section 627.70152 changed the law substantively by "impos[ing] new duties, obligations, and penalties[.]" *Dozois*, 595 F. Supp. 3d at 1208 (alterations added). "[L]ike the *Menendez* statute, section 627.70152(4) [now] grants insurers additional time to accept coverage. Before section 627.70152, a claimant could immediately sue if an insurer denied coverage. Now, section 627.70152 requires claimants to give insurers another opportunity to accept coverage before filing

suit." *Baptist Coll. of Fla., Inc. v. Church Mut. Ins. Co.*, No. 22-cv-158, 2022 U.S. Dist. LEXIS 163498, at *7 (Aug. 31, 2022) (alterations added).

Further, section 627.70152, "like the No-Fault Law in *Menendez*," changed the rules for awarding attorneys' fees by imposing "a penalty on insureds that do not file a pre-suit notice: the case is dismissed without prejudice and the claimant is precluded from an award of attorneys' fees for any services rendered before the dismissal." *Dozois*, 595 F. Supp. 3d at 1207 (citations omitted). This new penalty, which "did not exist before section 627.70152[,]" is not merely a procedural change. *Id.* at 1207 n.2 (alteration added). It altered the rights and duties of the parties, rendering the change substantive. *See id.* The Court is not persuaded by the contrary reasoning in *Art Deco 1924 Inc. v. Scottsdale Ins. Co.*, No. 21-Civ-62212, 2022 WL 706708, at *2 (S.D. Fla. Mar. 9, 2022).

In sum, dismissal under the new pre-suit notice requirement of section 627.70152(3) is improper. As numerous courts have held, section 627.70152(3) effected a substantive change to the law. *See O'Kelley*, 2022 WL 17583683, at *4 n.1 (collecting cases). Because Plaintiffs' insurance policy issued prior to enactment of the pre-suit notice requirement, application of the notice requirement would violate constitutional due process.

**B. Dismissal based on a factual dispute over the sufficiency of the Notice of Intent would be improper.**

Plaintiffs also disagree the Notice of Intent is deficient (*see* Resp. 15), so the sufficiency of the Notice of Intent presents a factual dispute. Even if the pre-suit notice requirement of section 627.70152(3) applied retroactively, Plaintiffs' purported failure to comply would not be an appropriate basis for granting a motion to dismiss under Rule 12(b)(6).

Section 627.70152(3) expressly provides that the pre-suit notice requirement is a "condition precedent[.]" Fla. Stat. § 627.70152(3)(a) (alteration added). The Complaint alleges

7

"[a]ll conditions precedent to the filing of lawsuit have occurred or have been waived." (Compl. 2 (alteration added)). This allegation is sufficient to prevent the Court from dismissing the case. *See* Fed. R. Civ. P. 9(c); *Cruz v. W. World Ins. Co.*, No. 21-cv-23982, 2021 WL 5937691, at *3 (S.D. Fla. Dec. 16, 2021) (citing *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)) (holding courts cannot "look beyond the four corners of the Complaint" to resolve whether plaintiff complied with pre-suit notice requirement of section 627.70152(3)); *O'Kelley*, 2022 WL 17583683, at *3 (same); *Honick v. Ace Ins. Co. of the Midwest*, No. 21-cv-637, 2021 WL 4804446, at *1 (M.D. Fla. Oct. 14, 2021) (same).

## IV. CONCLUSION

In sum, dismissal is not proper because it would require a constitutionally impermissible retroactive application of section 627.70152(3). Moreover, Plaintiffs allege all conditions precedent, including the pre-suit notice requirements, have occurred or have been waived. This allegation suffices on a motion to dismiss. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss **[ECF No. 5]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on the 17th day of January, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record